**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-60622-RUIZ/STRAUSS**

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1010 NORTH 30TH ROAD,**
**HOLLYWOOD, FLORIDA 33021,** *et al.*,

      Defendants.

_____/

**ORDER SETTING BRIEFING SCHEDULE ON DISCOVERY DISPUTE**

**THIS MATTER** came before the Court for a discovery hearing on June 24, 2020. For the reasons stated on the record at the hearing, and as otherwise stated herein, it is **ORDERED** and **ADJUDGED** that Plaintiff shall file a motion to compel and incorporated memorandum of law on or before **June 29, 2020**, and Claimants shall file a response and incorporated memorandum of law on or before **July 6, 2020**. The motion and response shall be limited to 7 pages (double-spaced). No reply shall be filed absent further order. Once the motion to compel is ripe, the Court will either rule on the papers or schedule a further hearing. While the parties' briefs may address other issues related to the special interrogatories propounded by Plaintiff, the briefs shall focus on the following issues:

(1) whether indicia that a Claimant lacks dominion or control over a defendant property, or otherwise may be a "straw" or "nominee" owner, is relevant to whether that Claimant has standing where the defendant property is titled in the Claimant's name;[1] and

---

[1] Recent opinions from this district and the Middle District of Florida indicate that claimants with title to the subject real property in this context have standing. *See United States v. One Parcel of Real Prop. Located at 20010 S.W. 160 St.*, No. 15-21476-CIV, 2016 WL 2347516 (S.D. Fla. May 3, 2016); *United States v. Real Prop., Including All Improvements Thereon & Appurtenances Thereto, Located at 246 Main St., Dansville, Livingston Cnty., N.Y.*, 118 F. Supp. 3d 1310, 1317

(2) assuming Claimants have standing, whether the Court is required to compel answers to special interrogatories in light of the purpose of Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[2]  In other words, is the scope of Rule G(6) interrogatories limited only to information bearing on the question of standing.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of June 2020.

**Jared M. Strauss**
**United States Magistrate Judge**

---

(M.D. Fla. 2015).  Therefore, if Plaintiff disputes that Claimants have standing, Plaintiff must address why it believes the foregoing cases were wrongly decided.

[2] As set forth in Advisory Committee Notes to Rule G: "It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing."  *See also United States v. $22,900.00 in U.S. Currency*, No. 8:14-CV-467-T-30MAP, 2014 WL 2574052, at *1 (M.D. Fla. June 9, 2014) ("The purpose of the rule is to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing." (citing *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012))).