UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60622-RUIZ/STRAUSS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1010 NORTH 30TH ROAD,
HOLLYWOOD, FLORIDA 33021,** *et al.***,**

    Defendants.

_____/

## ORDER ON MOTION TO COMPEL

**THIS MATTER** came before the Court upon the United States' Motion to Compel Special Interrogatories ("Motion") [DE 32], filed on June 28, 2020. Initially, in accordance with the Paperless Order Setting Discovery Procedures [DE 18], Plaintiff's counsel requested a discovery hearing. Consequently, the Court scheduled a discovery hearing, which was held on June 24, 2020 [*see* DE 20, 23, 29]. In advance of the discovery hearing, the parties submitted a Joint Discovery Status Report [DE 24] regarding the issues to be considered. Following the June 24, 2020 hearing, the Court entered the Order Setting Briefing Schedule on Discovery Dispute [DE 30]. The Motion is now ripe in light of the filing of Claimants' Response [DE 33]. The Court has reviewed the Motion, the Response, the Joint Discovery Status Report, and the record in this case.

This asset forfeiture action is governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule(s)"). *See United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009) (citations omitted); Supp. R. G(1). Supplemental Rule G(6)(a) permits "[t]he government [to] serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." While Rule

G(6) expressly limits the scope of special interrogatories, courts are nevertheless guided by the concept of proportionality. *See United States v. One Hundred & Sixty Four Thousand Four Hundred & Sixty Five Dollars in United States Currency ($164,465.00)*, No. 16-CV-80339, 2016 WL 11201757, at *3 (S.D. Fla. June 21, 2016).

As set forth in the Advisory Committee Notes to Rule G, the purpose of such special interrogatories is to gather information concerning a putative claimant's standing. *See* Supp. R. G advisory committee's note ("It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing."). *See also United States v. $22,900.00 in U.S. Currency*, No. 8:14-CV-467-T-30MAP, 2014 WL 2574052, at *1 (M.D. Fla. June 9, 2014) ("The purpose of the rule is to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing." (citing *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012))). Nevertheless, the language of the rule itself is not confined to the issue of standing; instead, it only limits the scope of special interrogatories to a "claimant's identity and relationship to the defendant property." Moreover, at this early stage, the issue of standing is not yet squarely before the Court.

Plaintiff seeks to compel answers/better answers to eight (8) special interrogatories that it served on Claimants, who are individuals that have legal title to the Defendant properties. Interrogatory numbers 3(a)-(d)[1] are within the scope of Rule G(6)(a) because they pertain to

---

[1] Interrogatory number 3 provides as follows: Describe in detail the circumstances in which you acquired your ownership interest in [the property] including but not limited to, the following: (a) the date, time, and place in which you acquired the property; (b) all consideration, including monetary and non-monetary, you paid in exchange for the property; (c) the reason you acquired the property; (d) the identity of the person(s) from whom you acquired the property; and (e) the identity of the person(s) who were present when you obtained the property. For each person identified in the answer to this special interrogatory, provide the person's name, address, and telephone number.

Claimants' relationships to the Defendant properties. Interrogatory number 4[2] does as well. Interrogatory numbers 3(a)-(d) and 4 are also proportional to the needs of the case. Therefore, the Court will compel answers to those interrogatories.

However, interrogatory number 5,[3] though within the scope of Rule G(6)(a), is overbroad and not proportional to the needs of the case as drafted. Therefore, the Court will require Claimants to answer a narrower version of interrogatory number 5. Specifically, Claimants should answer who has paid maintenance expenses for the Defendant properties since Claimants acquired title to the properties. To the extent Claimants paid such expenses, they should disclose the source(s) of the funds used to make payment. Claimants do not need to identify every specific payment or the dates on which payments were made.

As to the remaining interrogatories, the Court will not compel Claimants to provide answers. Interrogatory numbers 1,[4] 2,[5] and 3(e) simply do not concern Claimants' identities or

---

[2] Interrogatory number 4 provides as follows: Please state whether you obtained any financing (including, but not limited to, a mortgage or an unrecorded loan) in order to acquire your ownership interest in [the property]. If so, please provide all details regarding the financing, including, but not limited to, (a) the name and address of all persons or entities from whom you obtained financing; (b) whether there are any documents memorializing the financing; (c) the amount of any initial loan; (d) the terms of any repayment agreements; and (e) the outstanding principal and interest currently owed.

[3] Interrogatory number 5 provides as follows: Explain how and when maintenance expenses for [the property] including, but not limited to, utilities, cable, internet, homeowner or condominium association or maintenance fees, property taxes, and insurance policies have been paid since you acquired an ownership interest in [the property].

[4] Interrogatory number 1 provides as follows: List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked for the past 10 (ten) years. For each response, include whether payment was made to you by check, cash, direct deposit, through a third-party application such as PayPal or Venmo, and/or through any other means. Your answer should set forth the name, address, and telephone number of each business; state your interest/relationship in each business (e.g., sole proprietorship, partnership, employee, etc.); the name of partner or supervisor of each business; the inclusive dates of employment; the job description and position/title at each business; the reasons for leaving the employment; and the amount of gross and net monthly salary for each business.

[5] Interrogatory number 2 provides as follows: Please state how much income you reported to the Internal Revenue Service each of the past 10 (ten) tax years.

3

their relationships to the Defendant properties, especially considering that the Defendant properties are real property. Likewise, interrogatory number 6[6] does not specifically seek information concerning Claimants' identities or their relationships to the Defendant properties.

With respect to interrogatory number 7,[7] it purports to seek information regarding funds used to purchase and/or maintain the Defendant properties, but it is evident that interrogatory number 7 represents an effort primarily geared towards discovering information related to financial accounts, and not information regarding Claimants' identities or relationships to the Defendant properties. Interrogatory number 7 is almost entirely outside the scope of Rule G(6)(a), and it is not proportional to the needs of the case (at least at this early stage). The only part of interrogatory number 7 that arguably comes within the scope of Rule G(6)(a) is 7(g), but 7(g) is disproportional. Moreover, the proportional (and permissible) aspects of 7(g) are subsumed in the narrowed version of interrogatory number 5, which the Court is requiring Claimants to answer.

Finally, interrogatory number 8[8] is a vague, overbroad, and disproportional catch-all interrogatory. Essentially, it asks Claimants to provide every possible piece of information that

---

[6] Interrogatory number 6 provides as follows: State with particularity all occupants of [the property] since you acquired an ownership interest in the property, including the dates of such occupation, including number of overnight stays, if any. For each person identified in your answer to this special interrogatory, provide the person's name, address, and telephone number.

[7] Interrogatory number 7 provides as follows: Provide the following information about all financial accounts that contained funds used to purchase and/or maintain [the property]: (a) The type of financial account (e.g., checking, savings, 401K, etc.); (b) The full account number; (c) The name and address of the financial institution; (d) The names and addresses of all individuals who have signature authority for the account; (e) The names and address of all individuals who are account holders; (f) The names and addresses of all beneficiaries of the account, regardless of whether they have signature authority or are account holders; and (g) The dates and amounts of any withdrawal or transfer of funds used for the purchase and/or maintenance of the property, as well as the purpose of the withdrawal or transfer (e.g., that the funds were used to make the down payment on the property, that the funds were used to pay property taxes on the property, that the funds were used to make a payment towards the mortgage on the property, etc.), and the names and addresses of the recipient, or intended recipient, for each withdrawal or transfer.

[8] Interrogatory number 8 provides as follows: If you have any records, documents, or tangible items that document or relate in any way to your responses to the foregoing special interrogatories, or are otherwise

could possibly come within the scope of Rule G(6)(a) whether or not Plaintiff has specifically thought to ask for that information.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1. The Motion [DE 32] is **GRANTED IN PART and DENIED IN PART**.

2. On or before **July 20, 2020**, Claimants shall serve answers/better answers to interrogatory numbers 3(a)-(d) and 4, and to interrogatory number 5 (as narrowed above).

3. The Motion is denied as to interrogatory numbers 1, 2, 3(e), 6, 7, and 8.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of July 2020.

_Jared Strauss_
Jared M. Strauss
United States Magistrate Judge

---

relevant to your interest in the defendant real properties, identify each piece of evidence with specificity, including the name, address, and telephone number of its custodian. In lieu thereof, you may produce copies of the records, documents, or tangible items.

5